# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 8:16CR109 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ROBERT M. BRANNON, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court on defendant Robert M. Brannon's Motion to Sever Counts (#18). The defendant alleges that the joinder of Count 3 with Counts 1 and 2 is improper under Fed. R. Crim. P. 8(a) because the offenses are not of the same or similar character, are not based upon the same act or transaction, and are not connected with a constituting part of a common scheme or plan. Additionally, the defendant alleges joinder of Count 3 is prejudicial under Fed. R. Crim. P. 14 because a joint trial will put the element of the defendant's prior felony conviction before the jury when it would not otherwise be put before the jury as to Counts 1 and 2.

The Government counters that the charges are "factually inter-related" under Rule 8, that the evidence would be admissible under Fed. R. Evid. 404(b), and that the defendant has not presented a clear showing of prejudice under Rule 14.

The defendant is charged in an indictment with:

Count 1: interference with commerce by robbery, punishable by up to twenty years in prison, a possible $250,000 fine, three years of supervised release, and a $100 special assessment;

Count 2, brandishing a firearm during a crime of violence, and Count 3, felon in possession of a firearm, punishable by up to life imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment; and

Count 3, felon in possession of a firearm, punishable by up to ten years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

Both Counts 1 and 2 involve a January 10, 2016, robbery at a Dunkin Donuts shop wherein it is alleged the defendant displayed a black semiautomatic handgun[1] and demanded money. Count 3 is a charge of possession of a firearm by a felon on January 12, 2016, wherein during the service of an arrest warrant, the defendant was found to have a firearm in his waistband.

Rule 8(a) permits the Government to charge multiple counts in a single indictment, provided the offenses charged are (1) of the same or similar character, (2) are based on the same act or transaction, or (3) constitute parts of a common scheme or plan. Joinder is proper if any one of these three standards is met. Thus, Rule 8 generally favors joinder "to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008). Joint trials, on all counts of an indictment, are generally preferable for several reasons. First, separate trials necessarily involve a certain degree of "inconvenience and expense." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003). Second, trying all counts together serves the important function of giving "the jury the best perspective on all of the evidence," thereby increasing the likelihood that the jury will reach "a correct outcome." *Id*. In this case, I find that Count 3, the felon in possession of a firearm charge factually is not of similar character, is not based on the

---

[1] The government's response to defendant's Motion to Sever (#21, p.2) references that the handgun used by the suspect at the January 10, 2016, robbery was identified by a witness as "like the one being carried by a police officer investigating the robbery." The government's brief, however, contains no description or comparison to the firearm taken from the defendant on January 12, 2016.

same act, and is not part of a common scheme or plan. Joinder is, therefore, not proper under Rule 8. Additionally, regarding the government's claim of admissibility under Rule 404(b), the cases cited by the government are clearly distinguishable from the facts in this case. The government has not made a clear showing[2] that the defendant's possession of a firearm on January 12, 2016, would be admissible under 404(b) in the trial of Counts 1 and 2 which occurred on January 10, 2016.

**IT IS ORDERED:**

1. Defendant's Motion to Sever Counts (#18) is granted.

2. Count 3 is severed from Counts 1 and 2 for trial.

A party may object to a magistrate judge's order by filing a "Statement of Objections to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 17th day of June 2016.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge

---

[2] "Rule 404(b) provides that evidence of a prior bad act . . . is admissible if it is [1] relevant to a material issue, such as intent, and if it is [2] established by a preponderance of the evidence, [3] more probative than prejudicial, and [4] similar in kind and close in time to the charged offense." United States v. Cook, 454 F.3d 938, 941 (8th Cir. 2006).