IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:16CR109 |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| ROBERT M. BRANNON, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the United States' Objection (Filing No. 25) to Magistrate Judge F.A. Gossett III's Order (Filing No. 22), granting the Defendant's Motion to Sever (Filing No. 18) and severing Count III of the Indictment from Counts I and II for trial.

This Court has reviewed the parties' initial briefs (Filings No. 19 and 21) as well as the Order and Objection. The Court notes that Magistrate Judges in this district are authorized and assigned to hear and determine pretrial matters in felony cases, including motions to sever. See NECrimR 59.1(a)(9). A district judge considers timely objections to orders of Magistrate Judges on such matters, and modifies or sets aside "any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

Magistrate Judge Gossett's Order is neither clearly erroneous nor contrary to law. One typographical error appears at the bottom of the first page of the Order, where a reference to "Count 3, felon in possession of a firearm," mistakenly appears in the description of Count 2 of the Indictment. Otherwise, the Order contains no error or misapplication of law.

The evidence presented at the trial of Counts I and II may very well demonstrate that the Defendant was found in possession of a firearm upon his arrest on January 12, 2016,

and admitted he purchased the firearm approximately one week before his arrest and owned it at the time of the robbery that is the basis for Counts I and II.  Nonetheless, this Court agrees with Magistrate Judge Gossett's conclusion that the charge in Count III is not "of the same or similar character," or "based on the same act or transaction" as the charges in Counts I and II.  Even if some facts underlying the charge in Count III may be viewed as "connected with" Counts I and II or "part of a common scheme or plan" (see Fed. R. Crim .P. 8(a)), such connection is speculative at this time.  This Court also shares defense counsel's concern that prejudice would arise from the presentation of the Defendant's history of one or more felony convictions, a necessary element of the crime alleged in Count III, if such history were presented in the trial on Counts I and II.

Accordingly,

IT IS ORDERED:

1. The United States' Objection to Order Severing Count III (Filing No. 25) is overruled; and

2. The Magistrate Judge's Order (Filing No. 22), severing Count III of the Indictment from Counts I and II for trial, is affirmed.

DATED this 20th day of July, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge